Good morning, Your Honors. May it please the Court, my name is Vikram K. Badunath, Petitioner, Counsel for the Petitioner, Appellant Susanna Ferreira. With the Court's permission, I'd like to reserve one minute for rebuttal, if I may. Your Honors, the District Court aired this case for two principal reasons. First of all, the District Court aired in finding that this conviction was an aggravated felony under section 11A43M of the Immigration and Nationality Act. Secondly, the District Court aired in finding that petitioner was not, the petitioner's due process rights were not violated by misapplication of the summary affirmance rules, Your Honor. Your Honors, the Immigration and Nationality Act does not define fraud or deceit. As such, this Court must begin with a categorical analysis of statute. It must employ a definition of fraud or deceit, which is independent of the vagaries of state law. The Board of Immigration Appeals has already used an analysis in matter of GHE, in which the Board of Immigration Appeals found that fraud consists of three elements, a false representation of a material fact with knowledge of its falsity, and with the intent to deceive the other party. In this case, the petitioner was convicted under subsection C of Welfare and Institutions Code, section 10980. That statute only requires three unambiguous elements. The California Appellate Court and People V. Ochoa held that there are three requirements for conviction under that statute. One, that there is a false statement of representation. Two, which results in the obtaining of aid. And three, that the individual is not entitled to receive that aid. That is all. California has its own separate fraud statute under subsection A. The petitioner was not convicted under subsection A, but under subsection C. Under subsection A, the intent to defraud is a required element of the statute, as well as knowing intent to defraud and that a person obtains aid knowing that they're not entitled to receive it. Again, the petitioner was not convicted under subsection A, was convicted under subsection C. The district court indicated that there is some California appellate decisions which imply that fraud should be an ingredient of this statute. However, no California authority has ever held that this statute involves fraud. Number one, this statute does not involve fraud or deceit on its face. Moreover, the more recent case known in People V. Ochoa has held that there's unambiguous language in the statute and that the statute does not involve fraud on its face. The California appellate court also held in People V. Ochoa that it appears that the statute may involve the intent to deceive or defraud. However, that is not something that the court was required or found to hold. But FAUBUS. Your Honor, in FAUBUS, that case. In those other cases, you say that's dicta, so we should blow by that. But what about FAUBUS? Yes, Your Honor. In FAUBUS, the California appellate court considered the predecessor statute under section 11483. In that case, that was not the sole decision. That case, in fact, was a jury instruction case. There is some language in that case in which the court found or basically indicated that they believed that the statute may involve some type of fraud or deceit. I think they said it's an ingredient, which seems like another way of saying it's an element, does it not? And they didn't say we believe. They said we conclude, right? They did say we conclude. However, I'd have to disagree, Your Honor. And I'd have to refer the court to the more recent case in People V. Ochoa. If the court in People V. Ochoa found that People V. FAUBUS was determinative of this issue and stood for the proposition that fraud was an ingredient of the statute, the court would have simply cited to People V. FAUBUS. No, that would be perhaps asking too much. I mean, I don't think we can determine anything because somebody did or didn't cite to a different case. Otherwise, we'd be chasing our tails all the time in not only the Ninth Circuit, but every circuit. I mean, we have basically two cases which you say it's dicta, but then we have a case where they say we conclude it's an ingredient, and it's the same statutory language that's in the new statute, which we're arguing about here, isn't it? Your Honor, we would argue that if this court were to find that fraud is an ingredient of the statute, that would be insufficient. And again, I would refer the court to the Board of Immigration Appeals decision in a matter of GG. In that case, the board found that the intent to deceive is not sufficient alone. It also must be accompanied by a false representation and made with knowledge of its falsity. So even if this court were to find that a fraud is an ingredient of the statute, it would be insufficient. Fraud is an intentional act by its very definition. How do you have an accidental fraud, actionable fraud? Your Honor, I would refer the court to the Third Circuit's case in Valancey v. Ashcroft. In that case, the Third Circuit identified that because fraud is not defined in the INA, the court must begin with a uniform approach. And again, as this court has cited in Con V. INS, a uniform categorical approach must be employed. This is immigration law that we're dealing with. And therefore, the INA is designed to implement a uniform federal policy which is independent of the vagaries of state law. California law may define fraud differently from Arizona law or Nevada law. The court should use a definition of fraud which is independent of the vagaries of state law. I'd like to turn to the issue of restitution. Under California law, restitution may be used for a variety of purposes. It may be used for deterrence, rehabilitation. Yeah, but restitution, when you're dealing with a government agency, may be a different animal, correct? That's correct, Your Honor. The government would like this court to look at the restitution order as an approximation of the amount of loss. California law says that a restitution  should be calculated based on the actual loss to the agency. Yes, Your Honor. In this case, however, the courts must use a categorical approach in determining whether or not loss is defined in this California statute. If we look to the modified categorical approach, the court can then examine the record of conviction. And in this case, there are no documents to indicate the amount of loss in this particular case. Because under California law, restitution can be used for a variety of different purposes. And in this case, we do not know from the record of conviction exactly what purpose it was used for. The court cannot find that restitution is an approximation of loss. I would refer to the court's case in Chang v. INS. In that case, the individual was ordered to pay an amount of restitution. And this court did not look to the restitution order, and instead looked to the plea agreement. Chang was bank fraud. It didn't deal with a government agency. And it seems the rule is absolutely clear and utterly different from restitution in a case involving private parties. It's measured by loss, actual loss to the government agency. Your Honor, in Chang, the individual Bank fraud, wasn't it? It was bank fraud, correct, Your Honor. The immigration judge and the Board of Immigration Appeals ordered that person, that individual removed from the United States on the basis of the restitution order and documentation contained in the pre-sentence report. This court found that the restitution order could not be used as an approximation of the amount of loss. Because the plea agreement specifically set forth the amount of loss. I would also note in Chowdhury v. Ashcroft, the court made a distinction between the loss to the victim and the amount of funds laundered. In that case, the individual was ordered to pay $967,000 of restitution. The immigration judge and the Board of Immigration Appeals ordered that person removed under this exact subsection. This court reversed finding that the restitution order was not the same as the amount of loss. Similarly, in this case, the restitution order is not the same as the amount of loss required under Section 101A43M of the Immigration and Nationality Act. So we'd ask that before all your time goes away, I have a question on exhaustion and the supplemental materials that have been filed. You style, with respect to the aggravated felony, you style it as a substantive due process error. But does that save it from the court's opinion, which says that to the extent there is jurisdiction to review the order of removal based on an aggravated felony,   it not be expected to be a substantive due process error? Is that a dubious petition? Your Honor, the government in its Rule 28J letter has cited to several cases, Acevedo and the Lange case. Those cases do not control. This court's more recent decision in Caceres-Butir's controls, in this case, the petitioner was challenging only the ground of deportability with respect to the aggravated felony. The independent ground of deportability for the controlled substance violation was not challenged. If this petitioner had filed a petition for review to this court, there would not be any jurisdiction. It would have to be dismissed because there was independent ground. In Acevedo, the petitioner was challenging only the ground of deportability as an aggravated felony. There were no other grounds of deportability. Did the government make that argument before the district court? They did make that argument, however, but they did not appeal the district court's decision to this case on that particular issue. This court does have jurisdiction, again, because there is an independent ground to deny jurisdiction in this case, which is a controlled substance violation. And therefore, Acevedo and Lange are not controlling, but rather, Caceres-Butir's is controlling. I see that I'm out of time, so I'd like to reserve. Thank you. Thank you, counsel. May it please the court, my name is Andrew McLaughlin, and I represent the respondents in this case, the respondents' appellants, the Attorney General of the United States and the Department of the Secretary of Homeland Security. It's OK. We still stumble over that, too. We're not sure who's who, so. There are really only two points that I need to raise in my argument, and the rest,   I think the first point is that the Department of Homeland  has a number of things that you have of concern. The first is that the entire argument, the entire focus of the Petitioner's claim is that there's a fraud element out there that somehow is tangled up with other things. I want to point out to the court that the statute that we're talking about, the subsection of the Immigration and Nationality Act defining aggravated felony, uses a term that says involves fraud or deceit. I have not heard Petitioner refer to the term deceit at all, and that, in fact, was the finding of the immigration judge. He said, I actually don't even need to get to fraud. All of the terminology, every part of this statute involves deceit, and therefore, this is an aggravated felony in that sense of the Immigration and Nationality Act. I do, however, disagree with every point that Petitioner has made with respect to fraud. The fact is that when you look at the statute that we're talking about, it has four elements. That first element contains four parts, the last of which is or other fraudulent device, implying that the state of California believed that all of those were fraudulent devices, so implying that fraud is, in fact, on the face of all of the devices to begin with. The problem with that one, if you've read each shoots and leaves, is where does the comma go, and what does that modify? That's correct, Your Honor. But we're looking de novo at what the statute means. Is it a reasonable interpretation to say that all of those things involve fraud, given those terms? I think it is a reasonable interpretation of the statute. Then, when you look at the board's interpretation and determination, because it's not absolutely clear on its face of the term fraud and deceit, the concept that the board would see that four-part term in this California statute and say, look, that really involves fraud or deceit for our purposes. Therefore, it's an aggravated felony. The last point on that point is, there is nothing, the point that there is no board president that defines this term fraud as petitioner is representative to. He points you to the GG case, which specifically says on its face, as used in the statute 212A19, which is actually a statute that was repealed quite a long time ago, but wasn't in the aggravated felony context, wasn't at all in this context. This is what fraud means. So in that context, the board doesn't have a precedent decision that tells you that its GG definition applies to the aggravated felony decision. But I don't think you need to get there in this case. But I'd be glad to discuss that with you in greater detail if you choose. The other thing I want to get into is, and this is a little bit out of my field, because I don't get this as often as you all do. This is a habeas case. The restitution issue that's been raised, because we're limited to review of pure issues of law, and that's why we get into the issue of whether or not you had to go to the court of appeals in the first place, habeas is restricted to pure issues of law. Petitioner is asking you to revisit the evidence regarding whether or not the evidence regarding the loss to the victim was sufficient. That's a matter that you look at only ever so slightly, only to determine whether there's a modicum of evidence in habeas. And you're doing a de novo review of that. The question is whether restitution can provide evidence of the loss to the victim. And the answer is, of course it can. And Chaudhuri doesn't say anything to the contrary. And the other law that the Court has discussed with Petitioner's counsel says the same thing. The fact is, there was evidence, there was sufficient evidence that the loss was that amount. And that is all that the Court in habeas was able to look at, unless you're not allowed to consider restitution whatsoever. And that's simply not true. In the Alameda County District Attorney's Office Special Investigations Unit report out of the Welfare Fraud Division, it says the overpayment by the AFDC was $17,186. Is that the actual loss to the agency? What's FS, $5,119 that they add to get $22,305? I don't actually know the answer to that, Your Honor. And I suppose you're referring to the IJ's report that says it appears to be inherent in this particular statute that deceit is involved, no matter what our activity was to violate this particular section. That is correct, Your Honor. So regardless of whether the Petitioner is right about this or not, if deceit is, in the context of that term fraud or deceit, then it is an aggravated felony and he is precluded from seeking the underlying relief he saw. Anything else? No, Your Honor, if you have no other questions. Thank you, Counsel. Would you care to respond, Counsel? Yes, Your Honor. Your Honors, with respect, first of all, to the issue of fraud, it is true in matter of GG the Board of Immigration Appeals did not address the aggravated felony issue. However, they did interpret the term fraud under the Immigration and Nationality Act. That term was subsequently removed. However, it was subsequently put back in this particular section under 101A43M. I would note in the Third Circuit case, Valencia v. Ashcroft, the Third Circuit analyzed the issue of fraud or deceit and held that it must be a necessary component of the statute.  Well, what about the difference that says fraud or deceit? Yes, Your Honor. And here we have an immigration judge saying, wow, I take a look at this statute and every aspect of it involves deceit. That seems to be accurate. Your Honor. Fraud seems to be different from deceit in that respect. And it is correct that that statute covers deceit. I think the question the court is asking, then, is what is the definition of deceit? The commonly accepted definition of deceit is a false statement made, again, with knowledge of its falsity and that someone will rely upon that, that someone believe what is false. And in this case, if the court employs a categorical analysis and looks at the statute, there are only three main requirements, that a false statement of representation be made, that a very You're saying there's no difference between fraud and deceit. No. We're essentially saying that fraud involves deceit. As the Third Circuit noted, fraud is the deprivation of some right or interest by deceit. False statement or representation, impersonation, that's deceit, impersonation. You can do that without saying a word. Other fraudulent device. I suppose what the court is indicating is that the statute is a divisible statute. In this sense, we don't know which particular subsection the petitioner was convicted under. But all of them involve deceit, says the court. Well, I don't. It seems to be true. I don't believe that the California Appellate Court has ever held that as a matter of law. And again, in People v. Ochoa, the Ochoa court said that it appears fraud or deceit may adhere in the statute. But we have no reason to so hold. So as a matter of law, no California court has ever held that this offense involves fraud or deceit. The district court and the government cite to these other cases, I would note that it is a singular footnote in Camillo, People v. Camillo at page 289-03 for their support. The statute does not involve fraud on its face. And the California precedents have never held that subsection C of Welfare Institutions Code 10980 involves fraud or deceit. Thank you, Your Honor. Thank you, counsel. This case is ordered submitted. And for the week, this panel of the Ninth Circuit Court of Appeals is adjourned. And we thank again Judge Shader for his help. My thanks to the court for moving.
judges: Trott, McKeown, Shadur